**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew J. Athetis, III and Gina L. Athetis, as surviving parents of Andrew J. Athetis, IV, deceased,<br><br>         Plaintiffs,<br><br>vs.<br><br>Town of Gilbert, a political subdivision of the State of Arizona; et al.,<br><br>         Defendants. | No. CV-09-00677-PHX-NVW<br><br>**ORDER** |

On May 16, 2011, the Court issued an order to show cause why this case should not be remanded to state court for adjudication of the remaining state law claims (Doc. 131). In that order, the Court noted that the basis for federal jurisdiction appeared to have been extinguished when the parties' stipulation of dismissal of Plaintiffs' claims under 42 U.S.C. § 1983 was granted (Doc. 122). Defendants filed a Joint Response to Order to Show Cause Why Case Should Not Be Remanded to State Court (Doc. 136), arguing that this action should remain in federal court because substantial discovery has been completed and fully briefed dispositive motions are currently pending before the Court.  Plaintiffs filed a Response to Defendants' Joint Response to Order to Show Cause Why Case Should Not Be Remanded to State Court and Request for Remand (Doc. 139) in support of remand. Thereafter, Defendant Taser filed a request for a leave to file a reply to Plaintiffs' response

1   to the Court's order to show cause to address Plaintiffs' contention that remand is mandatory
2   in this circumstance (Doc. 140). It is within the Court's discretion whether to retain
3   jurisdiction over this case or to remand the remaining claims to state court where all of the
4   claims over which the Court has original jurisdiction have been dismissed. *See* 28 U.S.C.
5   § 1367(c)(3). Further briefing on this point is unnecessary; Taser's request to file a reply
6   (Doc. 140) will therefore be denied.

7   In this case, Plaintiffs' 42 U.S.C. § 1983 claims – the only federal claims in this matter
8   and the only basis for federal jurisdiction – have been dismissed. Where federal law claims
9   have been eliminated before trial, this Court has discretion to retain, remand or dismiss the
10  pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). In considering whether to remand
11  the remaining state law claims, the Court weighs the "values of judicial economy,
12  convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th
13  Cir. 1997) (internal quotation marks omitted). "In the usual case in which all federal-law
14  claims are eliminated before trial, the balance of factors . . . will point toward declining to
15  exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon v.*
16  *Cohill,* 484 U.S. 343, 350 n. 7 (1988)).

17  This Court has only set a case management schedule; it has not considered or ruled
18  on any of the pending substantive motions. Although substantial discovery has been
19  completed, that discovery will still be useful in the state court litigation of this matter and the
20  state court judge can rule on the pending motions without any loss of judicial economy.
21  Whether federal or Arizona expert witness rules apply is irrelevant to the issue of remand and
22  will not be decided at this time. Additionally, Plaintiffs originally elected to file this matter
23  in state court; their preference for proceeding in state court weighs in favor of remand.
24  Considering all of these factors, there is no interest in economy, fairness, or convenience that
25  warrants this Court retaining jurisdiction. The Court will accordingly remand this case to
26  state court for adjudication of the remaining state law claims.

27  IT IS ORDERED that Plaintiffs' request for remand (Doc. 139) is granted. The Clerk
28  shall remand the remaining claims to state court for adjudication.

1    IT IS FURTHER ORDERED that Taser's Request for Leave to File Reply to Plaintiffs' OSC Response or, Alternatively, to Submit Supplemental Authorities (Doc. 140) is denied.

DATED this 1st day of July, 2011.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge